UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON VICTOR CRIST,<br><br>                    Plaintiff,<br><br>     v.<br><br>STUART CLIVE; ADA COUNTY<br>SHERIFF MATTHEW CLIFFORD; and<br>ADA COUNTY,<br><br>                    Defendants. | Case No. 1:24-cv-00287-AKB<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Damon Victor Crist's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing

court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" the defendant committed the unlawful act, meaning sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## 2.    Factual Allegations

Plaintiff is a pretrial detainee in the custody of the Ada County Jail. Plaintiff challenges the dental care he has received in the jail. According to the Complaint, the jail's policy regarding dental care changed on March 26, 2024. Prior to that date, an inmate could electronically request a dental appointment by using a tablet. An appointment would be scheduled, generally between three to eight weeks later given that the dentist provides treatment only one day per week at the jail. (*Compl.*, Dkt. 3, at 2).

On March 26, 2024, the Ada County Jail changed its policy regarding how inmates could access dental care. Plaintiff alleges the policy now requires that after an inmate requests a dental appointment, the inmate must see a "nurse or provider" before the dental appointment. (*Id*. at 3).

Plaintiff was not notified of this change and, therefore, did not realize he had to see a nurse or provider before he could see the dentist. He thus missed the "new and unexpected nurse visit" and was not scheduled to see the dentist. (*Id*.).

Plaintiff did not learn of this change in policy until forty-five days later. *Id*. at 4. Plaintiff challenges the new policy as "frivolous," because he believes a nurse is not "legally authorized to diagnose or treat a patient." (*Id*.).

Plaintiff also alleges that, on March 14, 2024, he reported severe pain as a result of a broken tooth. He requested emergency dental care. He was seen by a nurse, who classified his dental need as "non-emergent." (*Id*. at 5). Plaintiff was given Tylenol for pain. Plaintiff informed the nurse his other pain medication had not been received, and the nurse responded she would look into the issue. (*Id*.).

Plaintiff states that, for "multiple days in succession," unidentified medical personnel refused to extract the tooth and would not provide Plaintiff with additional pain medication. (*Id*.). Plaintiff "reported his suffering many times each day but every attempt to obtain emergency care was refused." (*Id*. at 5-6). Plaintiff does not identify any medical personnel to whom he reported his pain. When the tooth was extracted an unknown number of days later, the anesthesia "did not perform and Plaintiff felt the pain from the extraction." (*Id*. at 5).

Plaintiff's tooth pain persisted. Plaintiff was evaluated by a physician's assistant, non-defendant P.A. Maloney. Maloney changed Plaintiff's pain medication but made no other changes, telling Plaintiff "they" did not "allow [us] to prescribe 'that' any longer." (*Id*. at 6). The medication the unidentified "they" would not permit is not identified in the Complaint. It is unclear whether the discontinuation of the unidentified medication was a decision made by individual providers or

supervisors, by the Ada County Jail, or by the private entity providing medical treatment to inmates under contract with Ada County.

Plaintiff also complains that inmates are not provided "any teeth cleaning" or "yearly preventative screening for cavities." (*Id*. at 7). Instead, dental care is provided only once an inmate experiences a problem with his or her teeth. Plaintiff has had "multiple teeth . . . extracted," allegedly as a result of this failure to provide preventative dental care. (*Id*.).

Plaintiff asserts claims under 42 U.S.C. § 1983, the federal civil rights statute. He sues Ada County, as well as Ada County Sheriff Matthew Clifford and Medical Director Stuart Clive. Plaintiff seeks monetary damages.

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff twenty-eight (28) days to amend the Complaint. Any amended complaint should take into consideration the following.

**3.      Standards of Law Applicable to Plaintiff's Claims**

To state a plausible civil rights claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, jail officials and jail medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own

misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted).

To bring a § 1983 claim against a local governmental entity or a private entity performing a government function—such as Ada County or the entity providing medical treatment under contract with Ada County—a plaintiff must allege the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable

under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff asserts Ada County and the individual Defendants have violated the Due Process Clause of the Fourteenth Amendment. That amendment is violated when the conditions to which a pretrial detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Due process requires that pretrial detainees receive adequate dental treatment, and a jail must have "a system of ready access to adequate dental care." *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989). However, delay in providing an inmate with dental treatment does not alone constitute a violation of due process. *Id*.

In determining whether a deprivation of adequate medical or dental care violates the Constitution, a court must consider the "circumstances, nature, and duration" of the deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Jail conditions, including a delay in medical treatment, "might be tolerable for a few days [but] intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 687 (1978).

"There is not one proper way to practice medicine in a [jail], but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Accordingly, mere differences in judgment as to appropriate diagnosis and treatment between an inmate and medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (Eighth Amendment context).

Rather, conditions-of-detention claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under this standard, a pretrial detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Although courts use an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating negligence claims. This is because negligence—the "mere lack of due care" by a

governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071; *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (holding that negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of detention must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

**4.    Discussion**

    *A.    Claims Against Individual Defendants Clifford and Clive*

Plaintiff has not plausibly alleged that either Sheriff Clifford or Medical Director Clive acted with objective deliberate indifference to Plaintiff's dental needs. These Defendants were not personally involved with Plaintiff's dental treatment, and the Complaint does not give rise to a reasonable inference that they knew of the allegedly inadequate dental care yet failed to remedy the problem. *See Taylor*, 880 F.2d at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.") (internal citation omitted).

Further, the Complaint plausibly alleges, at most, that the decisions of Plaintiff's unidentified jail medical providers were mere differences of opinion with Plaintiff on the proper way to treat Plaintiff's pain. This is insufficient to state a colorable civil rights claim. *Sanchez*, 891 F.2d at 242; *see also Baker v. Stevenson*, 605 F. App'x 514, 519 (6th Cir. 2015) (unpublished) (stating that a court's review of a prison medical provider's choice of treatment must be especially deferential where the issue is the type or amount of pain medication an inmate should receive, because in such cases, the court "is asked to pass judgment on the attempts by prison medical staff

to navigate between" the risk of "debilitating pain" and the competing risk of addiction) (Eighth Amendment context).

Plaintiff may attempt to remedy these deficiencies in an amended complaint.

**B.      Policy Claims Against Ada County**

Plaintiff challenges four aspects of the dental care policy of the Ada County Jail. First, he claims the change in the dental policy in March 2024 violated due process because he was not notified of the change for forty-five days. (*Compl*. at 9-12). Second, Plaintiff claims the jail's dental policy does not offer emergency dental services. (*Id*. at 12-13). Third, Plaintiff challenges the policy's requirement that an inmate see a "nurse[] or[] a general medical provider" before being scheduled for a dental appointment. (*Id*. at 13). Fourth and finally, Plaintiff claims the jail's failure to provide preventative dental treatment, such as regular cleaning, violates his right to due process. (*Id*. at 14-15). For each of these claims, Plaintiff must meet the *Monell* requirements as described above.

i.      <u>Change in Policy for Access to Dental Care Without Notice to Inmates</u>

The Complaint does not plausibly suggest that the failure to notify inmates of the change in policy regarding access to dental care—to require a visit to a nurse or medical provider prior to seeing the jail dentist—constituted deliberate indifference to Plaintiff's constitutional rights as required by *Monell*. Plaintiff claims Ada County "knowingly changed [the] policy in total secrecy," but he offers no facts to support this conclusion. (*Compl*. at 11). At most, the Complaint suggests at most that the County negligently failed to notify inmates of the change, which is insufficient to state a plausible due process claim. *Daniels*, 474 U.S. at 332.

ii.      <u>Failure to Offer Emergency Dental Care</u>

Plaintiff next claims the jail policy does not permit emergency dental treatment. However, this assertion is belied by Plaintiff's own allegations. As Plaintiff acknowledges, after he reported

his tooth pain, he was evaluated by a nurse to determine whether it constituted an emergency. (*Compl*. at 5). Plaintiff believed it did, but the nurse disagreed and classified Plaintiff's pain as non-emergent. (*Id*.). Thus, it is clear the jail policy *does* provide for emergency dental treatment.

Plaintiff's true complaint is not that there was no emergency dental treatment available, but rather that the nurse did not agree his dental need was emergent. This was simply a disagreement about what treatment should be provided, *Sanchez*, 891 F.2d at 242, and thus is insufficient to state a plausible due process claim.

### iii.    Requiring Evaluation by a Nurse or Medical Provider

Plaintiff also challenges the substance of the new dental policy—that an inmate seeking a dental appointment must first be examined by a nurse or medical provider. Plaintiff alleges permitting a dental diagnosis "by anyone but a dentist is questionable practicing." (*Compl*. at 14). However, the Complaint does not plausibly allege that the policy requiring an inmate to be screened by medical personnel before seeing the dentist constitutes deliberate indifference to inmates' constitutional rights.

With dental treatment being provided one day per week at the jail, it makes sense for medical personnel to first determine whether an inmate's problem might be *medical*, rather than dental. If an inmate's need is medical, staff can treat the inmate medically, thus saving dental appointments for those in need of dental treatment specifically. Once again, the nurse's disagreement with Plaintiff's assertion that his issue was emergent is not enough to state a claim of objective deliberate indifference. *Sanchez*, 891 F.2d at 242. There is nothing in the Complaint to suggest the new requirement resulted from deliberate indifference as required by *Monell*.

### iv.    Failure to Offer Preventative Dental Care

Finally, Plaintiff claims the jail's failure to provide routine cleanings and other preventative dental care violates the Due Process Clause. Though such preventative dental care may be best

practice, it is not constitutionally required. Inmates are not entitled to the best treatment possible. Rather, they are entitled "to reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (concluding that "the lack of routine teeth cleaning" did not constitute deliberate indifference under the Eighth Amendment).

For the foregoing reasons, the Complaint does not state a plausible policy-or-custom claim under *Monell*.

**5.      Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity causing the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging

the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of a due process claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing he can meet the *Monell* requirements, if applicable (explained above).

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within twenty-eight (28) days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly

refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1.      The Complaint fails to state a claim upon which relief may be granted. Plaintiff has twenty-eight (28) days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[1]

2.      If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order. *See* 28 U.S.C. §§ 1915 and 1915A; Fed. R. Civ. P. 41(b).

3.      Because an amended complaint is required for Plaintiff to proceed, Plaintiff's pending motions (Dkts. 6 and 7) are DENIED AS MOOT.[2]

DATED: November 15, 2024

Amanda K. Brailsford
U.S. District Court Judge

---

[1]      A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

[2]      Plaintiff is advised that, because he has been granted in forma pauperis status, a formal motion for the Court to serve process on a defendant is not necessary. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[] and perform all duties in [in forma pauperis] cases.").